IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VALYRIAN IP LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>*Defendant*. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Valyrian IP LLC ("Valyrian IP" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Verizon Communications Inc. ("Verizon" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,970,706, titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System" (the '706 Patent), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Valyrian IP LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Suite 300-1025, Plano, TX 75024.

4. On information and belief, Defendant Verizon Communications Inc. is a company incorporated in Texas with regular and established places of business in this District. Defendant may be served by its registered agent the Corporation Trust Company at Corporation Trust

1

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant is incorporated in Texas and has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the products which contain the infringing '706 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1400(b).

Defendant has regular and established places of business in this district, has transacted business in this district, and has directly and committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On November 29, 2005, United States Patent No. 6,970,706 was duly and legally issued by the United States Patent and Trademark Office. The '706 Patent is titled "Hierarchical Call Control with Selective Broadcast Audio Messaging System."

11. Valyrian IP is the assignee of all right, title and interest in the '706 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '706 Patent. Accordingly, Valyrian IP possesses the exclusive right and standing to prosecute the present action for infringement of the '706 Patent by Defendant.

12. The application leading to the '706 patent was filed on December 5, 2000.

13. The present invention relates to personal telephone systems that are able to transmit and receive digital signals between fixed sets and fixed stations in a cordless system. (Ex. A, at 1:8-10.) More particularly, the present invention relates to providing a hierarchical call control with a selective broadcast messaging service in a cordless telephone system. (Ex. A at 1:11-13.)

14. Time division multiple access (TDMA) cordless phone systems provide a base unit which is able to provide connections for a plurality of mobile units, such as handsets. (Ex. A at 1:16-18.) Such TDMA systems use time division to provide a plurality of slots, where the base (fixed part) transmits to an individual (portable unit) mobile unit during a particular slot of time and receives from the individual mobile unit during a particular slot of time. (Ex. A at 1:19-23.)

15. At the time of the inventions, there was a lack of capability to simultaneously send

a voice message to all mobile units associated with a base unit. (Ex. A at 1:39-42.) Since conventional cordless telephone systems did not provide a broadcast mode, it was impossible for a base station to send a call from an identified caller to only a specific mobile unit. (Ex. A at 1:49-52.) Conventional cordless systems were also incapable of broadcasting a message deemed to be an important message to all, or even a selected group, of mobile units. (Ex. A at 1:52-55.)

16. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the Patent-in-Suit was filed, there existed various problems in how mobile communications devices processed environmental inputs. In a cordless phone system having a base station and a plurality of mobile units, it is desirable to provide a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. (Ex. A at 1:56-62.)

17. To achieve the foregoing and other objects and in accordance with the purpose of the present invention a method for providing a hierarchical call control paradigm in a cordless telephone system is described. (Ex. A at 1:66-2:2). The inventive hierarchical call control controls incoming calls depending on their phone number or settings that the customer programs into his system i.e. that he does not want to be disturbed by broadcast. (Ex. A at 2:2-6.)

18. The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications networks and an improved method for managing mobile device communication.

19. Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind. Indeed, they are rooted in providing a mechanism whereby

an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. And one of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

20. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Verizon One Talk system (collectively, the "Accused Product" or "Accused Instrumentality").

## COUNT I
**(Direct Infringement of U.S. Patent No. 6,970,706 – 35 U.S.C. § 271(a))**

21. Plaintiff incorporates the above paragraphs herein by reference.

22. The '706 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2005. The '706 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

23. Plaintiff is the owner by assignment of the '706 patent and possesses all rights of recovery under the '706 patent, including the exclusive right enforce the '706 patent and pursue lawsuits against infringers.

24. Without a license or permission from Plaintiff, Defendant has infringed and

continues to infringe on one or more claims of the '706 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

25. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '706 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '706 systems and methods, in violation of 35 U.S.C. § 271.

26. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '706 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

27. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '706 Patent, including at least Claim 1. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 1 of the '706 Patent.

### REQUEST FOR RELIEF

28. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed one or more claims of each of the '706 Patent either literally and/or under the doctrine of equivalents;

(b) enter a judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other

conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

(c) enter a judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(d) award Plaintiff all other relief that the Court may deem just and proper.

Dated: March 30, 2020

Respectfully submitted,

By: /s/ Kirk Anderson
KIRK. J. ANDERSON (CA SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Plaintiff Valyrian IP LLC*